# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4692 | **DATE** | August 28, 2008 |
| **CASE TITLE** | JOHN G. ARMSTRONG v. VERONICA MATHEIN, MICHELE F. LOWRANCE, and KEVIN MCCARTY | | |

**DOCKET ENTRY TEXT:**

The motion for leave to file *in forma pauperis* is granted, and the complaint is dismissed as frivolous.

### STATEMENT

Plaintiff proposes to sue two judges of the Circuit Court of Cook County because they entered orders of default against him. The judges are immune from suit so long as their actions were taken in their capacity as judges. Since it is clear that this is the case, the suits cannot be maintained. Unreasonable and unfair judicial rulings, if that is what occurred here, cannot be the basis of a lawsuit against a judge. Indeed, no judicial action can be the basis of a civil suit by a losing litigant. The remedy the litigant has is to file an appeal to the Illinois Appellate Court and seek reversal of the ruling or rulings. It is the only remedy available to Plaintiff. If he can timely file an appeal, then he should do so. If it is too late to file an appeal, his claim is lost. The claim against the attorney alleges nothing other than filing of a motion for default which is within his rights. He was under no legal obligation to file a continuance simply because Plaintiff and the assigned judge did not appear. All the attorney is alleged to have known is that Armstrong did not appear, and so he was entitled to go before another judge to seek default. It is true that Armstrong said he was unable to appear because of illness (the specifics of which he does not state), but the attorney was not aware of this. Presumably, the excuse for Armstrong's non-appearance was told to Judge Mathein but, for procedural (or other) reasons, she denied it. The proper method to challenge her ruling was to appeal, not to sue her and the lawyer. Plaintiff's complaint is dismissed with prejudice.